**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4498

WILLIAM JOHN IRBY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-97-215-1)

Submitted: January 12, 1999

Decided: January 26, 1999

Before MURNAGHAN, NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Irby appeals his conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C.§ 841(a)(1) (1994). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in denying Irby's motion to withdraw his guilty plea. Counsel asserts that there are no meritorious grounds for appeal. Irby filed a pro se supplemental brief challenging the constitutionality of police conduct surrounding his arrest and alleging counsel provided ineffective assistance. Finding no merit to these claims, we affirm.

This court reviews the district court's denial of Irby's motion to withdraw his guilty plea for an abuse of discretion. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). A defendant does not have an absolute right to withdraw a guilty plea, see United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992), but must present a "fair and just" reason. See Fed. R. Crim. P. 32(e). A "fair and just reason" is one that "essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). An appropriately conducted proceeding pursuant to Fed. R. Crim. P. 11 raises a strong presumption that the guilty plea is final and binding. Id. A district court should consider the following factors in determining whether to allow a defendant to withdraw his plea: (1) whether there has been a delay between the guilty plea and the motion to withdraw; (2) whether the defendant has had the assistance of competent counsel; (3) whether the defendant has made a credible assertion of legal innocence; (4) whether there is credible evidence that the guilty plea was not knowing and voluntary; and (5) whether withdrawal will prejudice the government or will cause inconvenience to the court and waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The defendant bears the burden of establishing a fair and just reason even if no prejudice to the government is shown. See Lambey, 974 F.2d at 1393-94.

2

Application of the above factors supports the district court's denial of Irby's motion to withdraw his guilty plea. The district court conducted a thorough plea colloquy in which Irby indicated that he was freely and voluntarily pleading guilty because he was guilty. During the colloquy Irby informed the district court that he was fully satisfied with the services his attorney had provided. Irby then waited five months before moving to withdraw his plea. Notably, Irby did not make a claim of legal innocence. His disagreement with factual allegations that had no bearing on his admission of guilt to the charged offense was insufficient to satisfy his burden of establishing a fair and just reason for withdrawing his guilty plea. Accordingly, we find no error in the district court's denial of Irby's motion to withdraw his plea.

Irby's pro se challenges are also meritless. He is foreclosed from challenging the constitutionality of the police conduct surrounding his arrest because his voluntary guilty plea waived all antecedent, non-jurisdictional errors. See Tollett v. Henderson , 411 U.S. 258, 264-67 (1973). The record does not conclusively demonstrate that counsel provided ineffective assistance based on his alleged collusion with the prosecution and failure to secure a handwriting expert. Accordingly, Irby is relegated to raising his ineffective assistance of counsel claims in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995) (holding claims of ineffective assistance are not properly raised on direct appeal unless the record conclusively discloses that the defendant received inadequate representation).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore deny counsel's motion for leave to withdraw, deny Irby's motion for appointment of counsel, and affirm Irby's conviction. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this Court for leave to withdraw from representation. See 4th Cir. Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the Court, and oral argument would not aid the decisional process.

AFFIRMED

4